**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK**
----------------------------------------------------------X
HERBERT MEIER,
                            Plaintiff,

         - against -

PREMIER WINE & SPIRITS, INC, et al.,
                          Defendants.
----------------------------------------------------------X

**MEMORANDUM AND ORDER**

CV 04-4085 (ADS ) (JO)

**JAMES ORENSTEIN, Magistrate Judge:**

      Plaintiff Hebert Meier ("Meier") originally filed the instant lawsuit in New York State Supreme Court, County of Nassau. It was soon thereafter removed to this court by defendants Premier Wine & Spirits, Inc. ("Premier"), John Casano, Daniel Lorusso, David Taub, and Marc Taub. None of the plaintiff's claims assert a cause of action arising under federal law, and the parties are not citizens of diverse states. The defendants purported to remove the case not because there was federal jurisdiction over the causes of action themselves, but rather because their defense to the claims is that they are preempted by federal law, namely, Section 301 of the Labor Management Relations Act of 1947, 29 U.S.C. § 185. *See* Docket Entry ("DE") 1 at 2. At the initial conference on December 1, 2004, I asked the parties whether this court had subject matter jurisdiction in the absence of diversity or any cause of action asserting a claim under federal law. DE 7. I asked counsel to brief the issue and also, in light of defendants' counsel's concern that my resolution of the question might exceed my authority, also asked counsel to brief the issue of whether 28 U.S.C. § 636(b)(1)(A) permits a magistrate judge to issue an order of remand pursuant to 28 U.S.C. §1447(c). DE 13. Having considered the parties' submissions, I find, for the reasons set forth below, that I do have authority as a magistrate judge to decide the remand issue and that no remand is warranted because this court has subject matter jurisdiction.

I.  A Magistrate Judge's Authority To Order A Remand

As a threshold question, I must first determine if a magistrate judge is authorized pursuant to § 636(b)(1)(A) to issue an order remanding an improperly removed case to state court. The defendants say no, and that if I find subject matter jurisdiction is lacking I may do no more than issue a Report and Recommendation to the assigned district judge. The plaintiff has taken no position on the question.

As far as I can determine, the Second Circuit has not considered the matter, and the district courts in this circuit have not spoken with one voice. In *Mahl Bros. Oil Co., Inc. v. St. Paul Fire & Marine Ins. Co.,* 307 F. Supp. 2d 474, 478 (W.D.N.Y. 2004), the district court applied the "clearly erroneous" of 28 U.S.C. § 636(b)(1)(A) in reviewing a magistrate judge's order denying remand, thereby implicitly recognizing that the magistrate had authority to issue an order rather than merely a recommendation. More explicitly, Magistrate Judge Foschio determined he had such authority in *Amalgamated Local Union Number 55 v. Fibron Prods., Inc.*, 976 F. Supp. 192, 194 n.1 (W.D.N.Y. 1997). On the other hand, Magistrate Judge Maas concluded that he lacked authority to order a remand in *H.M.S. Mech. Sys., Inc., v. Carrier Corp.,* 2004 U.S. Dist. Lexis 24911, *1 n.1 (S.D.N.Y. Nov. 24, 2004).

There is a similar lack of unanimity on the question in other circuits. Most district courts to have considered this issue have found remand to be within a magistrate judge's authority under 28 U.S.C. § 636(b)(1)(A). *See Johnson v. Wyeth*, 313 F. Supp. 2d 1272, 1272-73 (N.D. Ala. 2004); *Vogel v. U.S. Office Prods. Co.*, 56 F. Supp. 2d 859 (W.D. Mich. 1999), *reversed*, 258 F.3d 509, 515-16 (6th Cir. 2001); *Archdiocese of Milwaukee v. Underwriters at Loyd's*, 955 F. Supp. 1066, 1068 (E.D. Wis. 1997); *Delta Dental of Rhode Island v. Blue Cross & Blue Shield of*

*Rhode Island*, 942 F. Supp. 740, 744-45 (D.R.I. 1996); *DeCastro v. AWACS, Inc.*, 940 F. Supp. 692, 694-5 (D.N.J. 1996); *Campbell v. Int'l Bus. Mach.*, 912 F. Supp. 116, 118 (D.N.J. 1996); *Young v. James*, 168 F.R.D. 24, 26-27 (E.D. Va. 1996); *MacLeod v. Dalkon Shield Claimants Trust*, 886 F. Supp. 16, 18 (D. Or. 1995); *Vaquillas Ranch Co., LTD v. Texaco Exploration & Prod., Inc.*, 844 F. Supp. 1156, 1160-63 (S.D. Tex. 1994); *City of Jackson, Miss. v. Lakeland Lounge of Jackson, Inc.*, 147 F.R.D. 122, 124 (S.D. Miss. 1993); *Banbury v. Omnitrition Int'l Inc.*, 818 F. Supp. 276, 278-79 (D. Minn. 1993); *Searcy v. Knostman*, 155 B.R. 699, 702 (S.D. Miss. 1993); *McDonough v. Blue Cross of Northeastern Pennsylvania*, 131 F.R.D. 467, 472 (W.D. Pa. 1990); *Acme Elec. Corp. v. Sigma Instruments, Inc.*, 121 F.R.D. 26, 28 (W.D.N.Y. 1988); *Walker v. Union Carbide Corp.*, 630 F.Supp. 275, 277 (D. Me. 1986); *Jacobsen v. Mintz, Levin, Cohn, Ferris, Glovsky, & Popeo, P.C.*, 594 F. Supp. 583, 585 (D. Me. 1984); *but see Long v. Lockheed Missiles and Space Co.*, 783 F. Supp. 249, 250-51 (D.S.C. 1992); *Giangola v. Walt Disney World Co.*, 753 F.Supp. 148, 151-53 (D.N.J. 1990).

On the other hand, every appellate court that has weighed the issue has determined a remand to be the functional equivalent of a dispositive order, and therefore beyond a magistrate judge's authority under 28 U.S.C. § 636(b)(1)(A). The Third Circuit appears to have been the first appellate court to employ such reasoning, and its lead was followed in the Sixth and Tenth Circuits. *See In re U.S. Healthcare*, 159 F.3d 142, 145-46 (3d Cir. 1998); *Vogel v. U.S. Office Prods. Co.*, 258 F.3d 509, 515-16 (6th Cir. 2001); *First Union Mortgage Corp. v. Smith*, 229 F.3d 992, 997 (10th Cir. 2001).

The circuit courts' conclusion that a remand pursuant to § 1447 is the functional equivalent of a dismissal is based on an analogy to a situation where a plaintiff simultaneously

3

files parallel federal and state actions seeking relief for the same alleged loss. The Third Circuit reasoned that a magistrate judge would not be permitted to issue an order dismissing the federal case simply because it could describe its action as nondispositive "on the theory that ... a parallel action is pending in the state court." *U.S. Healthcare*, 159 F.3d at 145-46. From that assuredly correct premise, the court concluded that even without the existence of a parallel state court action, a magistrate judge's order of remand suffers the same defect because, from a practical standpoint, it likewise cuts off access to the federal court while permitting a case to go forward in the state court. *Id.* The Third Circuit thus held that a magistrate judge lacks authority under § 636(b)(1)(A) to remand a case to state court because such an order is "dispositive of all the claims and defenses in the case as it banishes the entire case from federal court." *Id*. at 146.

    I respectfully disagree with that analysis, for two reasons. First, while Rule 72 of the Federal Rules of Civil Procedure conditions different types of review of a magistrate judge's order on whether the order can be characterized as "dispositive" or "nondispositive," the statute from which that rule – and the magistrate judge's authority – is derived does not use those terms. Instead, it authorizes magistrate judges "to hear and determine *any pretrial matter* pending before the court" except for eight specific types of motion, none of which is a motion for remand. 28 U.S.C. § 636(b)(1)(A) (emphasis added). Rule 72's references to "dispositive" and "nondispositive" orders is intended to be synonymous with the statute's language. *See* Fed. R.

Civ. P. 72, Advisory Committee Notes.[1] The statute's plain language thus permits a magistrate to hear and determine a pretrial motion for remand under § 1447.[2]

Second, even assuming that a magistrate judge lacks authority to issue a "dispositive" order not listed in § 636(b)(1)(A), a remand order, unlike an order of dismissal, is not dispositive.

---

[1] The Supreme Court has likewise used "dispositive" as a convenient shorthand for the eight motions listed in the statute, but only in a context that did not require it to decide whether other types of pretrial orders might be considered "dispositive" under § 636(b)(1)(A). *See United States v. Raddatz*, 447 U.S. 667, 673 (1980).

[2] My reading of the plain language of the statute renders unnecessary any analysis of Congress's intent in amending the Magistrates Act. Nevertheless, I acknowledge that a leading treatise analyses the pertinent legislative history and concludes that Congress intended the list of prohibited orders in § 636(b)(1)(A) to be exemplary rather than exhaustive. *See* 12 Charles Alan Wright, et al., *Federal Practice and Procedure*, § 3068.2 (2d ed. 1997). The authors of the treatise contend that Congress intended to avoid a "*possible* constitutional objection that only an article III judge may ultimately determine the litigation." *Id*. (citing H.R. Rep. 94-1609 (the "House Report"), reprinted in 1976 U.S.C.C.A.N. 6162 (1976)) (emphasis added).

In my view, the House Report does not support such an interpretation. First, even under my reading of the statute, an article III judge can reverse a magistrate judge's order of remand upon finding it to be clearly erroneous or contrary to law, *see* 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a), and therefore may "ultimately determine the litigation" even if the remand order is viewed as dispositive. *Cf. Raddatz* 447 U.S. at 681-83 (finding that delegation of suppression motions to magistrate judge is consistent with article III so long as a district judge retains authority to make the "ultimate decision"); *North Jersey Sav. & Loan Ass'n v. Fidelity and Deposit Co. of Maryland*, 125 F.R.D. 96, 98 (D.N.J. 1988) (district court authorized to review magistrate's remand order notwithstanding provision of 28 U.S.C. § 1447(d) prohibiting review of remand order "on appeal or otherwise"). Second, while the House Judiciary Committee repeatedly used the term "dispositive" as a synonym for the various motions listed in § 636(b)(1)(A), it also used the word as part of phrases such as "dispositive of the action" or "dispositive of the litigation," both of which beg the question now before me. *See* House Report, 1976 U.S.C.C.A.N. at 6162, 6170. Third, the Committee explicitly rejected the objection that it lacked constitutional authority to vest magistrate judges – or other judicial officers not appointed under article III – with the power to determine certain federal cases. *See id*. at 6168. Finally, the Committee was explicit in rejecting the idea that the list of prohibited orders in § 636(b)(1)(A) is merely illustrative of a broader class of "dispositive" orders: "Congress intends that the magistrate shall have the power to make a determination of *any* pretrial matter (except the *enumerated* dispositive motions)." *Id*. at 6170 (emphasis added).

5

A dismissal ends a lawsuit. The disappointed litigant may succeed in resuscitating his claim in another forum, but only by commencing a new lawsuit, because the dismissal order was dispositive of the original action. An order of remand is not the functional equivalent. It neither disposes of the merits of a party's claim nor terminates the party's ability to seek such a disposition; most importantly, it in no way ends the litigation, not even conditionally. To the contrary, a remand order *guarantees* that a pending lawsuit will continue, albeit in a different forum. Indeed, a remand to state court under 28 U.S.C. § 1447 of an action previously removed to federal court under 28 U.S.C. § 1441 is in an important sense precisely the *opposite* of an order of dismissal: whereas the latter ends the parties' lawsuit altogether, the former restores it to its original status as an active case in a state court.

In that sense, an order of remand is comparable to an order transferring venue under 28 U.S.C. § 1404: both preclude a party from obtaining relief in its chosen forum, but both ensure that the litigation will continue. In both cases, after the order takes effect, the parties simply pick up where they left off before the order was entered; no new pleading is needed because no previously existing pleading has been nullified by virtue of the order. Thus for the same reason that a magistrate judge's authority includes the power to order a transfer of venue, *see, e.g., Shenker v. Murasky*, 1996 WL 650974 (E.D.N.Y. Nov. 6, 1996); *Michelli v. City of Hope*, 1994 WL 410964, *6 n.1 (S.D.N.Y. Aug. 4, 1994) (citing cases), it should also be understood to encompass the power to order a remand pursuant to § 1447.[3]

---

[3] The fact that a magistrate judge may order a transfer of venue underscores the shortcomings of the analogy employed in *U.S. Healthcare* based on the possibility that a litigant might bring parallel actions in state and federal court seeking relief for the same alleged loss. The Third Circuit reasoned that it would be an exaltation of form over substance to hold that a magistrate

Having determined that a magistrate judge is empowered to remand an improvidently removed case pursuant to 28 U.S.C. § 1447(c), I turn to the question of whether such a remand is warranted in this case.

II.     Remand

A case must be remanded to state court "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction." *Vera v. Saks & Co.*, 335 F.3d 109, 113 (2d. Cir. 2003) (quoting 28 U.S.C. §1447(c)). Because the parties here are not of diverse citizenship, the question of subject matter jurisdiction turns on whether the case presents a federal question. *See Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Id*. This rule allows the plaintiff to be "the master of the claim," and permits the plaintiff to avoid federal court by exclusively relying on state law remedies. *Id*.

Anticipated defenses that raise issues of federal law are not normally sufficient to permit removal of the complaint, as that would undermine a plaintiff's ability to be the master of the claim. *Hernandez v. Conriv Realty Assoc.*, 116 F.3d 35, 38 (2d. Cir. 1997). The proposition that

---

judge could not dismiss the federal case but could, if only a single case were brought, remand it to state court. *See* 159 F.3d 145-46. The analogy proves too much because it would apply with equal force if the imaginary litigious plaintiff brought parallel actions in two different federal districts. The plain language of § 636(b)(1)(A) would prohibit the magistrate judge from dismissing the lawsuit in her home district, but would permit her to transfer it to the other district where the parallel action was pending.

federal law preempts a state law claim can normally be raised as a defense in a state court action, and as a general rule does not create subject matter jurisdiction sufficient to support removal. *Id*.

The "complete preemption doctrine" is an exception to that general rule. *Id*. "On occasion, the [Supreme] Court has concluded that the preemptive force of a statute is so extraordinary that it converts an ordinary state common-law complaint into one stating a federal claim for the purposes of the well-pleaded complaint rule." *Caterpillar Inc.,* 482 U.S. at 393 (internal quotations omitted). Complete preemption is applied primarily in cases raising claims preempted by Section 301 of the Labor-Management Relations Act, 1947, 29 U.S.C. §185. *Id*. Even where "the plaintiff's well-pleaded complaint alleges on its face only state claims, and no one argues that diversity of citizenship exists between the parties, if the plaintiff's state 'claims are preempted by section 301, federal jurisdiction exists and the removal ... was proper." *Vera*, 335 F.3d at 114 (quoting *Hernadez*, 116 F.3d 35, 38).

Section 301 provides:

Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined in this chapter, or between any such labor organizations, may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties.

29 U.S.C. § 185(a). The Supreme Court has interpreted Section 301 as "a congressional mandate to the federal courts to fashion a body of federal common law to be used to address disputes arising our of labor contracts." *Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 209 (1985). The purpose of Section 301 is to ensure that common terms used in a collective bargaining agreement ("CBA") are interpreted in a consistent manner. *Vera*, 335 F.3d at 114. Therefore, the doctrine of complete preemption creates federal jurisdiction over any claim requiring the interpretation of

8

parties' rights under a CBA regardless of "whether such questions arise in the context of a suit for breach of contract or in a suit alleging liability in tort." *Id.* (quoting *Allis-Chalmers Corp.*, 471 U.S. at 211).

Section 301 does not preempt every state law employment claim that tangentially touches upon a CBA; rather, the preemption doctrine should only be applied to assure that the statute's purposes are not frustrated by conflicting state law. *Id*. State law rights and obligations that exist independently of a CBA are not preempted. *See Allis-Chalmers Corp.*, 471 U.S. at 213. Therefore, in determining if a state law cause of action is preempted by Section 301, a court must decide whether "'the resolution of a state-law claim depends on an interpretation of the collective-bargaining agreement.'" *Foy v. Pratt & Whitney Group*, 127 F.3d 229, 233 (2d Cir. 1997) (quoting *Hawaiian Airlines, Inc. v. Norris*, 512 U.S. 245, 261 (1994)).

Meier's complaint includes allegations setting forth nine causes of action under state law: (1) breach of employment contract by improperly terminating Meier; (2) breach of employment contract by refusing to buy back Meier's accounts; (3) tortious interference with Meier's employment contract; (4) intentional interference with Meier's employment contract; (5) age discrimination in violation of New York State Executive Law Section 296; (6) withholding of expenses in violation of New York State Labor Law; (7) intentional inflection of emotional distress; (8) interference with a union contract; and (9) unlawful discharge. DE 1 Ex. A (Complaint); DE 14. Meier denies that "all of the causes of action are inextricably intertwined with the collective bargaining agreement" and argues that his complaint "should not" be preempted by Section 301. DE 14 at 2. In support of that position he cites one case in which a state law age discrimination claim was held not to be preempted. *Id*.

9

Such argument misses the point: the defendants need not show that *all* of the causes of action are preempted. If even one claim is subject to the complete preemption doctrine, then federal jurisdiction exists over that claim, supplemental jurisdiction exists over the others (unless those claims "substantially predominate over the claim or claims over which the district court has original jurisdiction," 28 U.S.C. § 1367(c)(2)), and the case may remain in federal court. As the following discussion demonstrates, most of Meier's claims are subject to complete preemption.

Most obviously, Meier's eighth cause of action, which alleges a breach of a union contract, plainly requires interpretation of a CBA. Meier alleges that he is a member of a union, that his union has entered into a contract, and that this contract covered sales people working for defendant Premier. DE 1 Ex. A ¶¶ 74-82, *see also* DE 1 Ex. C (copy of CBA between Premier and union). A determination of whether the defendants breached that contract necessarily requires an assessment of the rights and duties created by the CBA. The eighth cause of action is thus clearly preempted by Section 301 and may properly be removed to federal court.

The complete preemption of the first four causes of action is likewise apparent. All four claims allege that the defendants either breached or interfered with Meier's employment contract. As the defendants note, and as Meier does not contest, the only employment contract between Meier and Premier was the CBA. DE 1; DE 15. Indeed, the CBA forbids Premier to enter into individual employment contracts with its employees. DE 1, Ex. C at 16. Accordingly, each of the first four causes of action is preempted by Section 301.

I need not determine whether Section 301 preempts the remaining claims. For purposes of this discussion, I will assume it does not. Those claims do not substantially predominate over the others, and the court may therefore assert supplemental jurisdiction over them pursuant to 28

U.S.C. § 1367. Accordingly, the defendants properly removed Meier's complaint, and I will not remand it.

III.     Conclusion.

For the reasons set forth above, I find that I have authority to determine whether a case improvidently removed to this court from a state court should be remanded. In the exercise of that authority, I find that this case was properly removed and therefore decline to order it remanded.

**SO ORDERED.**

Dated: Central Islip, New York
May 27, 2005

/s/ James Orenstein
JAMES ORENSTEIN
U.S. Magistrate Judge